UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| W. STEPHEN MARITZ, WILLIAM E. MARITZ FAMILY VOTING TRUST, W. STEPHEN MARITZ REVOCABLE TRUST, W. STEPHEN MARITZ EUM APPOINTIVE TRUST, WILLIAM E. MARITZ APPOINTIVE TRUST, and WILLIAM E. MARITZ TRUST, <br><br>  Plaintiffs, <br><br> vs. <br><br> ALICE MARITZ STAREK, ALICE MARITZ STAREK EUM APPOINTIVE TRUST, and ALICE MARITZ STAREK NON-EUM LIFE TRUST, <br><br>  Defendants. | Cause No. 4:05CV2093 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay. (Doc. No. 13). Defendants seek to have this Court dismiss or stay this action pending resolution of a related proceeding in the Circuit Court of St. Louis County. The case involves an ongoing dispute among siblings concerning the family business. For the reasons discussed below, the Court grants Defendants' motion to dismiss.

## BACKGROUND

Maritz Inc. is a one of the largest privately held businesses in the United States. (Complaint,

Doc. No. 1 ¶ 19). Bill Maritz was Chairman of the Board for 48 years until his death in February, 2001. (Id.). He had four children, W. Stephen, also known as Steve; Alice (Starek); Peter; and Philip, also known as Flip. (Id. ¶ 20). Most shares of Maritz Inc. are held through a system of trusts. Each trust has as its beneficiary one or more of the four siblings, sometimes through other trusts. Through these trusts, all of Bill Maritz's children have an interest in Maritz Inc., but Steve Maritz, who has been President of the Board and Chief Executive Officer since his father's death, was the only child given voting power. (Id. ¶¶ 19, 20). Steve Maritz is also the only sibling on the Maritz Inc. Board of Directors. (Id. ¶ 8).

Maritz Inc. has two classes of stock. Class A common stock provides holders with preferential dividends and voting rights. Class B non-voting common stock does not provide preferential dividends, and has only limited voting rights. (Id. ¶ 18). Steve Maritz is trustee of the Voting Trust, and has the power to vote any shares owned by the Voting Trust. (Id. ¶¶ 4, 35). The Voting Trust issues Voting Trust Certificates ("VTCs"), which represent beneficial interests in Class A shares. Holders of VTCs have the right to receive dividends paid with respect to the corresponding Class A shares, but they do not have the right to vote those shares, and they are not a shareholders of Maritz Inc. (Id. ¶ 36). A number of other trusts, including Defendant Alice Maritz Starek Appointive Trust ("AMS Appointive Trust"), of which Defendant Alice Maritz Starek is the sole trustee and beneficiary, are holders of VTCs. (Id. ¶ 38). As trustee of the Voting Trust, Steve Maritz has the ability to vote a majority of the Class A shares in Maritz Inc. (Id. ¶ 28).

As stated above, Steve Maritz is President of the Board and Chief Executive Officer of Maritz Inc., as well as the only sibling with Class A share voting power. This is due in part to Bill Maritz's wishes, as stated in the Bill Maritz Revocable Trust:

> Grantor's disposition of Maritz Inc. stock has been motivated by the fact (among others) that Maritz Inc. is a private company which is more than 100 years old, but which has, on several occasions, been the subject of disputes between Maritz family members. Grantor believes that those disputes have been harmful to Maritz family relationships and disruptive to Maritz Inc. For these reasons, Grantor's dispositions are designed, in the event of Grantor's disability or death, to concentrate voting power in the shares of Maritz Inc. in one of two places: first, in the hands of Steve [Maritz] [who is on the Execution Date the President and Chief Executive Officer of Maritz Inc.], including Steve's power to appoint those who will serve with and/or succeed him in exercising that voting power, and second, but only if for whatever reasons Steve fails or ceases to exercise that voting power and fails to appoint his successor, in the hands of a self-perpetuating group of three... Grantor requests that his wishes stated in this Section be respected for every purpose.

(Id. ¶ 29).

In a 1997 letter to his children, Bill Maritz wrote:

> At age 69 (almost) and after nearly 45 years working at Maritz, I want to position Maritz Inc. before I die or retire as CEO so that it is best able to continue for many more years as an independent, privately-held company. Additionally, I want to do what I can to help our family continue as a friendly, harmonious, intact unit.... The terms of the [EUM Trust] give me authority to distribute both the shares of the A Stock in the Trust and the voting rights of those A Shares as I choose. I plan to do that in a manner consistent with my strong desire to help ensure that Maritz Inc. will remain independent and privately held.

(Id. ¶ 27).

The Voting Trust provides that Steve Maritz, as Voting Trust trustee, "in his sole and absolute discretion: (i) shall have the power to vote for or against any matter; (ii) shall have the power to vote for himself... as a director and/or officer of [the Company], and (iii) shall have the power, but not any legal or moral obligation, to vote for any other person (including a Related Party) as a director and/or officer of [the Company]." (Id. ¶ 81).

At issue in this case is the Result of Contest clause of the Bill Maritz Revocable Trust, which states that:

> If any beneficiary under this Declaration of Trust in any manner, directly, or indirectly, contests or joins in (except as a party defendant) any proceeding the intended effect of which is to nullify this Declaration of Trust...[or] the Voting Trust Agreement...

3

>or any provisions in, or trusts or other arrangements under, such documents ("contesting beneficiary"), regardless of the good faith or just cause of the contesting beneficiary, each and every share or interest in each and every trust related in this Declaration of Trust given to that contesting beneficiary is revoked and shall be disposed of in the same manner provided in this Declaration of Trust as if that contesting beneficiary and all of that contesting beneficiary's descendants had died immediately after the execution of this Declaration of Trust.

(Id. ¶ 31).

On July 30, 2003, Peter Maritz and Flip Maritz filed a Petition in the Circuit Court for St. Louis County against Steve Maritz, Maritz Inc., and other members of the Board of Directors. That suit seeks dissolution of Maritz Inc. based on claims that include oppression of minority shareholders, breach of fiduciary duty, and gross negligence. (Id. ¶ 57). In December 2004, Alice Maritz Starek intervened in the state court suit. (Id. ¶¶ 60, 61). On November 8, 2005, the instant suit was filed in this Court. On December 9, 2005, Alice Maritz Starek sought leave to amend her petition in intervention in the state court suit. (Memorandum in Opposition to Motion to Dismiss, Doc. No. 20, at 11). On December 23, 2005, Defendants brought the Motion to Dismiss in the instant case. The matter is fully briefed and ready for disposition.

## **DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the

4

complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

Defendants' main argument for dismissal is that this Court should either dismiss this action, or stay it until disposition of the state court suit, because the two cases present the same or similar issues. In the alternative, Defendants argue that a number of the counts should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**I.     Abstention Doctrines**

In general, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-818 (1976). If, however, there is a concurrent parallel state action pending, district courts have discretion to abstain from exercising jurisdiction based upon "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)). District courts are to consider a number of factors in the determination of whether to exercise abstention in favor of a parallel state court proceeding. Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995). Courts have stated that, in most cases, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." Federated Rural, 48 F.3d at 297 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr., 460 U.S. 1, 19 (1983)). When the federal district court case in question is one for a declaratory judgment, however, the district court has broader discretion to abstain than under the traditional analysis. Wilton v. Seven Falls Co., 515 U.S. 277, 286-88 (1995). As a threshold issue, the Court must determine if the two

5

actions are parallel proceedings.

A.  Parallel Proceedings: Comparison of the Two Cases

Both cases involve a dispute among the Maritz siblings over the management of the family business. The Court may only apply Wilton or Colorado River/Moses H. Cone abstention if the two suits are parallel. Wilton, 515 U.S. at 290.

   1.  *State Court Case*

As stated above, Peter and Flip Maritz filed the action in the Circuit Court for St. Louis County on July 23, 2003. That suit seeks judicial dissolution of Maritz Inc. Defendants in that case are Maritz Inc., the Board of Directors of Maritz Inc. and Steve Maritz, as CEO. In December, 2004, Alice Maritz Starek intervened in the state court suit, with the consent of the state court defendants, and filed her First Amended Petition in Intervention. (Complaint ¶¶ 60, 61; Defendants' Consent to Motion to Intervene, Doc. No. 14, attached exh. 1). In September, 2005, she sought leave to amend to assert claims against Steve Maritz as Voting Trustee of the Voting Trust, and to join the AMS Appointive Trust and the AMS Life Trust as parties to the state court suit. (Complaint, Doc. No. 1 ¶ 64). Later that month, she withdrew that motion, and then told counsel for Steve Maritz that she was seeking to arbitrate those claims. (Id. ¶¶ 65-66). Steve Maritz's counsel informed her on October 31, 2005 that the arbitration provision was no longer in the Voting Trust Agreement. (Id. ¶ 67). On December 9, 2005, she filed her Second Amended Petition in Intervention in the state court case. (Second Amended Petition in Intervention, Doc. No. 14, attached exh. 4).

In her Second Amended Petition in Intervention, Alice Maritz Starek asserts 19 counts against the defendants in the state court case. The plaintiffs in intervention in the state court case are Alice

Maritz Starek, individually and as the trustee and beneficiary of the AMS Appointive Trust and the AMS Life Trust and derivatively on behalf of Maritz Inc. Peter and Flip Maritz individually and derivatively on behalf of Maritz Inc. are Plaintiffs. The defendants are: Maritz Inc., Steve Maritz individually, as Chief Executive Officer, as a member of the Board of Directors, as trustee of the Voting Trust, as trustee and beneficiary of the W. Stephen Maritz EUM Appointive Trust, as trustee of the William E. Maritz Appointive Trust, as trustee of the William E. Maritz Trust, and the other members of the Board of Directors of Maritz Inc.

All of the claims are against Steve Maritz, Alice Maritz Starek's brother, in some capacity. Alice Maritz Starek's Second Amended Petition in Intervention asserts claims for:

I. Claim for judicial dissolution of Maritz Inc.;
II. Claim for oppression against Steve Maritz;
III. Claim for oppression against the Board of Directors;
IV. Declaratory judgment that Steve Maritz breached his fiduciary duties in amending the First Amended Voting Trust Agreement;
V. Declaratory judgment that Steve Maritz lacked authority to create the Second Amended Voting Trust Agreement;
VI. Declaratory judgment that Steve Maritz wrongfully retained control of shares to amend the First Amended Voting Trust Agreement;
VII. Declaratory judgment to enforce the First Amended Voting Trust Agreement;
VIII. Declaratory judgment that Steve Maritz is a contesting beneficiary;
IX. Restitution by Steve Maritz of all dividends because he is a contesting beneficiary;
X. Specific performance by Steve Maritz to return all interests and distributions received because he is a contesting beneficiary;
XI. Direct claim against Steve Maritz for fraudulent concealment of changes to the Voting Trust Agreement;
XII. Direct claim for breach of fiduciary duties against Steve Maritz;
XIII. Direct claim for appointment of a special trustee;
XIV. Claim for accounting;
XV. Claim to compel final distribution of assets held by WEM Revocable Trust and WEM Appointive Trust;
XVI. Derivative claim for breach of fiduciary duty against all individual defendants;
[XVII]. Derivative claim for gross negligence against all individual defendants;
[XVIII]. Derivative claim to void the self interested Delve transaction;
[XIX]. Specific performance under stock agreement.

2. *Federal Court Case*

In the meantime, Steve Maritz filed his Complaint in this Court on November 7, 2005. (Doc. No. 1). The Plaintiffs named in the Complaint are Steve Maritz, the Voting Trust, Steve Maritz Revocable Trust, Steve Maritz EUM Appointive Trust, the William E. Maritz Appointive Trust, and the William E. Maritz Trust. Defendants are Alice Maritz Starek, Alice Maritz Starek EUM Appointive Trust, and the Alice Maritz Starek Non-EUM Life Trust. The Complaint contains seven counts:

> I. Declaratory judgment that the claims are not arbitrable, and injunction prohibiting arbitration;
> II. Declaratory judgment regarding Steve Maritz's powers and exercise of discretion as Voting Trustee;
> III. Declaratory judgment that Defendants are contesting beneficiaries;
> IV. Restitution of all interests in the VTCs and all dividends received by AMS Appointive Trust;
> V. Quantum meruit, return of all interests in the VTCs and all dividends received by AMS Appointive Trust;
> VI. Unjust enrichment and imposition of constructive trust;
> VII. Specific performance, return of all interests in the VTCs and distributions received by Alice Maritz Starek and the AMS Appointive Trust.

3. *Parallel Proceedings*

For either Wilton or Colorado River/Moses H. Cone to apply, the state court proceeding must be parallel to the federal case. "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" Scottsdale Ins. Co. v. Detco Indus., 426 F.3d 994, 997 (8th Cir. 2005). See also Wilton, 515 U.S. at 290 (parallel proceedings provide an opportunity for ventilation of the same state law issues). Plaintiffs argue that the two suits are not parallel because the parties are not identical and because there are issues in the state court case the resolution of which will not affect the outcome of this case. Plaintiffs further assert that the parties are not identical

because the trusts themselves are parties to this case, while they are not parties in the state court action.

Although it is true that the trusts are parties in this case and are not parties in the state court case, they should not be parties at all, and may not be considered in this analysis. The capacity of the trusts to sue or be sued is determined by Missouri law. Fed. R. Civ. P. 17(b). In Missouri, a "trust is not a legal entity." Farris v. Boyke, 936 S.W.2d 197, 200 (Mo. Ct. App. 1996). Plaintiffs cite no law to support their assertion that the trusts are proper parties. In fact, their only argument to that end is that Defendants sought to join the trusts as parties to the state court suit, so Defendants cannot now argue that the trusts are not proper parties. Because the trusts are not proper parties to this suit, the only parties the Court will consider are Alice Maritz Starek and Steve Maritz, in their individual and representative capacities.[1] It is also of little importance that there are parties in the state court suit who are not parties to this suit. Here, where every party to this suit is also a party to the state court suit, the parties are substantially the same.

The three issues in this case are presented in the three counts for a declaratory judgment. The four other counts seek remedies for Alice Maritz Starek's alleged breach of the Result of Contest clause. All three of the issues raised in the declaratory judgment counts will also be addressed in the

---

[1] In the Complaint, Alice Maritz Starek and Steve Maritz are only named in their individual capacities. (Complaint, Doc. No. 1 ¶¶ 3, 9). They should be named as trustees and beneficiaries of the trusts. "[I]n suits involving trust property, both the trustees and beneficiaries are necessary parties." Farris, 936 S.W.2d at 200. Plaintiffs cannot avoid abstention by naming improper parties, so the Court will read the Complaint, for abstention purposes, as if Alice Maritz Starek and Steve Maritz had been named as trustees and beneficiaries.

Moreover, Plaintiffs seem to believe that Alice Maritz Starek and Steve Maritz are parties to this suit in their representative capacities. See Plaintiffs' Memorandum in Opposition, Doc. No. 20, at 18 ("Steve Maritz (and Alice Starek) *in their capacities as trustees here* are not the same parties as the individuals in the Dissolution Lawsuit, where they are not suing or being sued in their representative capacities.") (emphasis added).

9

state court case. Count I of this suit asks for a declaratory judgment that Alice Maritz Starek's claims are not arbitrable. Counts IV through VII of Alice Maritz Starek's Second Amended Petition in Intervention in the state court case seek declaratory judgments regarding amendment of the Voting Trust Agreement, which includes the removal of the arbitration provision. (Second Amended Petition, ¶¶ 132-157). Alice Maritz Starek specifically alleges that Steve Maritz's amendments deprived her of the right to arbitration (Id. ¶ 136) and requests that the court reinstate the First Amended Voting Trust (Id. at 60), which contained an arbitration provision. Count I, requesting a declaratory judgment that Alice Maritz Starek's claims are not arbitrable, will thus be addressed in the state court suit.

Count II of this suit requests a declaratory judgment regarding Steve Maritz's powers and the exercise of discretion as Voting Trustee. This claim is the heart of Alice Maritz Starek's Second Amended Petition in Intervention in the state court case. Counts IV through XV in that case address Steve Maritz's powers and exercise of discretion as Voting Trustee. As such, Count II of this suit will also be addressed in the state court suit.

Count III of this suit is the only one that is not addressed in Alice Maritz Starek's Second Amended Petition in the state court suit, but the underlying issue is before the state court. Count III asks for a declaratory judgment that Alice Maritz Starek is a contesting beneficiary. In the state court suit, she requests a declaratory judgment that Steve Maritz is a contesting beneficiary. (Second Amended Petition ¶¶ 151-153). The construction of the Result of Contest clause will be an issue in the state court suit, as well as in this case. In addition, if this case is dismissed, Steve Maritz may raise the Result of Contest clause as a defense in the state court suit.

Because the issues involved in all three declaratory judgment counts of this suit are also issues in the state court suit, this Court finds that the issues in both cases are substantially the same. Since

both the issues and the parties are substantially the same, the two cases are parallel, and either Colorado River/Moses H. Cone or Wilton abstention may apply.

B.   Which Abstention Doctrine Applies?

The Court must determine whether Colorado River/Moses H. Cone, or Wilton applies to its analysis. The parties dispute whether or not the case is one for a declaratory judgment, and thus, which abstention doctrine applies. Counts I, II, and III of the Complaint clearly seek declaratory judgments. (Complaint, Doc. No. 1, at 18-26). Counts IV through VII, however, seek restitution, quantum meruit, unjust enrichment, and specific performance, respectively. (Id., at 26-32). Plaintiffs argue that, because Counts IV through VII do not seek a declaratory judgment, the Court must apply the narrower Colorado River/Moses H. Cone factors.

Counts IV through VII are equitable remedies for the allegations in Count III, and are thus completely dependent on the Court's ruling on Count III. These counts need not have been listed separately; they could have been included in the prayer for relief for Count III, or even raised after the Court's ruling on Count III. See 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."). The Court finds that Plaintiff's Complaint is essentially one for a declaratory judgment, so Wilton applies.

**II.   Wilton Abstention**

In Wilton, the Supreme Court ruled that, in suits for a declaratory judgment, district courts have discretion to stay the case or abstain from exercising jurisdiction when there is a parallel state court proceeding. Wilton, 515 U.S. at 290. The Court, revisiting its earlier decision in Brillhart v.

Excess Ins. Co. of America, 316 U.S. 491 (1942), held that, despite Colorado River, Brillhart still applied to declaratory judgment actions. Wilton, 515 U.S. at 289-90. In Brillhart, the Court stated that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton, 515 U.S. at 282. "Brillhart indicated that, at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." Wilton, 515 U.S. at 283 (internal citation omitted).

>The Brillhart Court set out factors for the district court to consider in its inquiry:
>
>Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

Brillhart, 316 U.S. at 495.

All of these factors point towards abstention, because the issues in this case can be better settled in the state court case. Most significantly, both cases involve the construction of the Result of Contest clause of the trust, an issue that is contested under Missouri law. The Missouri state courts are the preferred forum to decide this issue, for the law of trusts is a matter of state law. See Horne v. Fireman's Retirement System of St. Louis, 69 F.3d 233, 236 (8th Cir. 1995) ("No Missouri court had had the opportunity to consider a constitutional challenge to that statute; ... Missouri courts should have the right to resolve a state law challenge when able to do so."). See also Amerson v. Iowa, 94 F.3d 510, 513 (8th Cir. 1996) (upholding abstention under Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996) when case involved domestic relations policy, which belongs to the states).

12

Other factors also support abstention. The state court proceeding has a broader scope than this case; it encompasses all of the issues involved here, as well as others. All of the necessary parties are involved in the state court case. As such, all of the issues here can be resolved in state court. In addition, the state court case has been proceeding for over two years . Because the record there is more fully developed, it would be wasteful to duplicate that record in this Court. Thus, the Court will abstain in favor of the state court proceeding and dismiss this case without prejudice.[2]

Because of the Court's decision on the abstention issue, it need not address the other issues raised in the Motion to Dismiss.[3]

---

[2] The Court notes that even if it were applying a Colorado River/Moses H. Cone analysis, abstention would still be appropriate:
> Determination of the existence of 'exceptional circumstances' requires evaluation of several factors ... as follows:
>> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority--not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

Federated Rural, 48 F.3d at 297.
The first two factors are neutral, and the remaining four factors point towards abstention. Because of the contested interpretation of the Result of Contest clause under Missouri law, significant potential exists for piecemeal litigation; and, with the pleadings as they now stand, if both cases continued, both Alice Maritz Starek and Steve Maritz could be found to be contesting beneficiaries. The state court case has priority because it has been proceeding since 2003. Missouri law controls, and, as stated before, the case turns on a contested issue under Missouri law. Finally, the state forum is clearly adequate to protect the Plaintiffs' rights.

[3] In their arguments, Plaintiffs rely heavily on the first-filed rule. The Eighth Circuit has stated that, according to this rule, "[i]n cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case as a matter of federal comity." Keymer v. Mgmt. Recruiters Intern., Inc., 169 F.3d 501, 503 (8th Cir. 1999). This reliance is unfounded, as the first-filed rule applies only when both cases are in federal court. See Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1004 (8th Cir. 1993) ("discretionary power of the federal court in which the first-filed action is pending to enjoin the parties from proceeding with a later-filed action in another

13

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No.13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated this 18th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

federal court is firmly established"). It is, however, a relevant *factor* when one case is in state court and the other is in federal court. Smart v. Sunshine Potato Flakes, L.L.C., 307 F.3d 684, 687 (8th Cir. 2002).

Even if the first-filed rule applied when one case was in federal court and the other case in state court, under the facts here, the Court would decline to apply it to justify retaining jurisdiction over this case. First, this action was not the first-filed. The state court case was filed in 2003, and Alice Maritz Starek intervened in 2004. Many of the facts underlying the Complaint in this case and in the Second Amended Petition in Intervention in the state court case are the same as those underlying the 2003 and 2004 petitions in the state court case. In addition, Plaintiff Steve Maritz assumes that the first-filed rule refers to which court first asserts jurisdiction over a *claim*, and not to which *case* is filed first. Allowing the first-filed rule to apply to claims and not to cases would swallow the rule and result in piecemeal litigation.

Moreover, the first-filed rule is flexible. In Anheuser-Busch, Inc. v. Supreme Intern. Corp., 167 F.3d 417 (8th Cir. 1999), the Eighth Circuit upheld the district court's dismissal of the first-filed action "under the compelling circumstances exception to the first-filed rule." Anheuser-Busch, 167 F.3d at 419. The court noted two "red flags." First, the plaintiff in the first-filed action knew that the other suit was about to be filed. And second, the first-filed action was for a declaratory judgment.

Both of these red flags are present here as well. Plaintiff Steve Maritz had notice that Defendant Alice Maritz Starek planned to take legal action with respect to these claims as early as September, 2005, (Complaint, Doc.No. 1 ¶¶ 64-68), and he still filed the instant declaratory judgment action in this Court. This was sufficient to trigger the compelling circumstances exception to the first-filed rule. Anheuser-Busch, 167 F.3d at 419.